IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Reece Earl Ingram, | ) | C/A No.: 3:08-1748-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| ABC Supply Company, Inc., and All Seasons Equipment, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the court on the defendants' joint motion for reconsideration of the court's tentative oral ruling as to whether plaintiff's treating physicians should be permitted to give expert opinions because he did not list them as expert witnesses as required by Fed. R. Civ. P. 26(a)(2)(A). Defendants argue that the court should limit plaintiff's treating physicians to testifying about the facts of their past treatment and observation of him, and forbid them from opining about his medical condition, medical costs, diagnosis, prognosis, medical necessity, medical causation, or treatment.

After considering the parties' briefs and hearing the arguments of counsel, the court finds the motion for reconsideration to be warranted, and therefore grants the motion and limits the testimony it will permit from plaintiff's treating physicians at trial. For the reasons set forth herein, this court excludes the testimony of the treating physicians to the extent it consists of expert opinion testimony.

I.   Background

It is undisputed that plaintiff never designated any of his treating physicians as expert witnesses.[1] The record reflects that plaintiff's Local Rule 26.03 Disclosures and his Fed. R. Civ. P. 26(a)(1) initial disclosures generally list among all persons with discoverable information "Plaintiff's Medical Providers," without listing any names, and describe their expected testimony as limited to the "extent of Plaintiff's injuries" and "medical expenses." In his Supplemental Answers to Interrogatories, mailed four days before the end of discovery, plaintiff listed several treating physicians, but again, only under the heading of "Fact Witnesses" and without any description of expected testimony which might have indicated an intention to elicit expert opinions. In his opposition to defendants' summary judgment motion, plaintiff denied that he was required to present any medical expert testimony at trial.

By motion in limine filed December 3, 2009, defendants sought to prohibit plaintiff's treating physicians from giving opinion testimony at trial. The court heard oral argument on the motion on December 14, 2009, during which the court stated that it felt somewhat constrained from granting the Motion in Limine based on its recollection of its Order on the treating physician exclusion in *Waldron v. Belk*, C.A. No. 03:07-2736-JFA [dkt #119]. However, after the hearing, but prior to the court issuing its written ruling, defendants filed

---

[1] The scheduling order in this case set the cut off date for plaintiff to identify experts as required by Rule 26(a)(2) as March 20, 2009 [dkt. #30]. The discovery deadline was September 1, 2009.

2

a motion for reconsideration [dkt #69], pointing out that the court's recollection of the *Waldron* order differs significantly from the procedural posture of this case. In an order dated December 23, 2009, the court expressed its serious reservations about its oral ruling on the motion in limine, and therefore advised counsel that it will keep under advisement the motion for reconsideration until plaintiff filed his response. The motion for reconsideration having been fully briefed, the court heard further argument from counsel at a pretrial conference in this case on January 11, 2010. This order serves to memorialize the court's ruling.

II. Discussion

Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure sets forth specific disclosures to be made as to expert witnesses. These disclosures are in addition to those required with respect to fact witnesses. See Fed.R.Civ.P. 26(a)(1)(A). It is clearly within the court's power under Rule 37(c)(1) to exclude witnesses who are not properly identified. *See In re Air Crash at Charlotte, N.C.*, 982 F. Supp. 1086, 1088 (D.S.C. 1997); Charles A. Wright, Arthur R. Miller and Richard L. Marcus, 8A Federal Practice and Procedure § 2289 (automatic exclusion provisions of Rule 37(c)(1) apply to required disclosures from expert witnesses and to discrete areas of offered testimony); *Id.* § 2031.1 (stating as to expert disclosures that "failure to list a witness should ordinarily lead to exclusion of that witness at trial").

Because plaintiff never named the treating witnesses as expert witnesses, none of the

mandatory disclosures required by Fed. R. Civ. P. 26(a)(2) were made. The expert witness disclosure requirements are carefully designed and not superfluous rules without import. The different treatment of lay and expert witnesses in the rules of civil procedure and rules of evidence is intended to distinguish primarily between fact witnesses who have expertise and witnesses who may be called primarily as experts, rather than to establish a loophole through which undisclosed experts may enter the witness box. *See In re Air Crash* at 1089.

The court finds that a treating physicians' testimony about a patient's diagnosis, prognosis, and future medical care is opinion testimony that falls under Rule 26(a)(2)(A)'s expert disclosure requirement. According to Rule 26(a)(2)(A), "its disclosure requirement applies to "any witness [a party] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." *Aumand v. Dartmouth Hitchcock Med'l Center*, 611 F. Supp. 2d 78, 88 (D. N.H. 2009).

Plaintiff's failure to disclose the treating physicians as expert witnesses is fatal to their use as experts at trial. Had plaintiff timely disclosed their identity, defendants would have certainly deposed them. Ultimately, however, defendants had no reason to believe that these witnesses would be called as experts. For these reasons, defendants reasonably did not view their depositions as necessary, and had no reason to further research their backgrounds for possible impeachment or to obtain other experts to counter these experts' testimony.

Under Fed. R. Evid. 701, as amended in 2000, testimony "based on scientific, technical or other specialized knowledge," as those terms are used in Fed. R. Evid. 702, must

4

be given by witnesses who qualify as experts under Fed. R. Evid. 702. "The advisory committee notes state that the purpose of the amendment is to prevent evasion of the . . . the disclosure requirements of Rule 26 by 'the simple expedient of proffering an expert in lay witness clothing." *Brandon v. Village of Maywood*, 179 F. Supp. 2d 847, 859 (N.D. Ill. 2001)(citing Fed. R. Evid. 701, advisory committee notes).

Since the 2000 Amendment to Rule 701, courts such as the *Aumand* court have held that treating physicians' testimony about a patient's diagnosis, prognosis, and future medical treatment is Rule 702 expert testimony, that falls under Rule 26(a)(2)(A)'s disclosure requirement, because such testimony is based on the physicians' "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702.

Like the *Aumand* court, this court finds that "it cannot be seriously disputed that a treating physician's diagnoses, prognoses, or similar conclusions as to the patient's condition are 'based upon scientific, technical, or other specialized knowledge,' and, as such are outside the scope of Rule 701—and inside the scope of Rule 26(a)(2)(A)." *Aumand* at 89.

The court finds that plaintiff's failure to disclose these experts was unjustified and that defendants will be substantially prejudiced by these witnesses' expert opinions. Therefore, the court (1) will not permit plaintiff's treating physicians from providing any expert opinions about plaintiff's diagnosis, prognosis, and future medical needs, and (2) will restrict these witnesses to providing testimony about their individual factual treatment of plaintiff, as such treatment is documented in the medical records.

Finally, the court rejects plaintiff's argument that *Daubert*, and therefore Rule 26(a)(2)(A)'s expert disclosure requirement, does not apply to his treating physicians' testimony, which is based on their experience and training. The court concurs with defendants that the application of *Daubert* is irrelevant to whether Rule 26(a)(2)(A) requires the disclosure of treating physicians as expert witnesses. A *Daubert* analysis to ensure that expert testimony based on scientific, technical, or other specialized knowledge is reliable, comes into play only after a party has identified an expert witness under Rule 26(a)(2)(A).

For the foregoing reasons, the court grants defendants' Joint Motion in Limine for Reconsideration [dkt. # 69] and prohibits plaintiff's treating physicians from providing any expert testimony.

IT IS SO ORDERED.

January 14, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge